UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIERRA DAVIS, on behalf of herself and on behalf of other current and former employees similarly situated et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RED EYE JACK'S SPORTS BAR, INC., a Nevada Corporation doing business as Cheetahs Gentleman's Club, doing business as Cheetahs Nightclub, et al.,<br><br>Defendants. | Case No.: 3:17-cv-01111-BEN-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION;**<br><br>**(2) VACATING IN PART *MAY 9, 2018 ORDER*; and**<br><br>**(3) GRANTING MOTION TO COMPEL ARBITRATION** |

The factual background of this case as it relates to Plaintiff Cierra Davis ("Davis")[1] is well known to the parties and detailed in the Court's *May 9, 2018 Order*, which the Court incorporates by reference herein. (*See* Docket No. 48 at pp. 2-3.) Davis asserts

---

[1] According to the Third Amended Complaint ("TAC"), Davis and Amber Moore are the two named plaintiffs in this purported "hybrid collective action" under the federal Fair Labor Standards Act ("FLSA") and putative class action for alleged violations of California state law. (Docket No. 29, TAC ¶ 1.)

1

claims against Defendants for: (1) violation of 29 U.S.C. § 206(a) (failure to pay minimum wage under the FLSA); (2) violation of multiple sections of the California Labor Code for failure to pay wages, overtime, provide adequate rest and meal breaks, and reimbursement of necessary work expenditures; and (3) conversion.

On May 9, 2018, this Court denied Defendants Red Eye Jack's Sports Bar, Inc. ("Cheetahs") and Suzanne Coe's motion to compel arbitration of Davis's claims.[2] (Docket No. 48.) Now pending before the Court is Cheetahs and Coe's motion for reconsideration of their motion to compel arbitration of Davis's claims. (Docket No. 51.) Davis did not timely file an opposition or other response to the motion. For the reasons that follow, Defendants' motion for reconsideration is **GRANTED**, the Court's *May 9, 2018 Order* denying Defendants' motion to compel arbitration is **VACATED in part**, and Defendants' motion to compel arbitration of Davis's claims is **GRANTED**.

A. **Motion for Reconsideration**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend a judgment or order under Federal Rule of Civil Procedure 60(b).[3] *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60(b)(6), a court may relieve a party from an order for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Reversing a prior order under Rule 60(b)(6) is an exercise of a court's equitable power that "requires a showing of extraordinary circumstances." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). One such circumstance is an intervening change in law. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

---

[2] Defendant Rich Buonantony filed a notice of joinder in Cheetahs and Coe's motion to compel arbitration. (Docket No. 34.)

[3] Unless otherwise specified, the Court's reference to Rules in this Order are to the Federal Rules of Civil Procedure.

Additionally, in this District, motions for reconsideration are permitted pursuant to Civil Local Rule 7.1.i. The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1.i.

Defendants previously moved for arbitration on the grounds that Davis agreed to submit the claims she alleges in the TAC to binding arbitration. The Court's *May 9, 2018 Order* denied Defendants' motion because the arbitration agreement they relied upon (the "Arbitration Agreement") contained a concerted action waiver, which under Ninth Circuit authority[4] at that time rendered it invalid and unenforceable. (*See* Docket No. 48 at pp. 4-8.) The Court also stayed the action as to Davis's claims pending the Supreme Court's imminent decision in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), which it relied upon in denying Defendants' motion to compel arbitration, and granted Defendants leave to file a motion for reconsideration once *Morris* was decided. (*Id.* at pp. 8-9.)

On May 21, 2018, the Supreme Court issued its decision in Morris. *See Epic Sys. Corp. v. Lewis*, No. 16-285, 2018 WL 2292444 (U.S. May 21, 2018). In short, the Supreme Court reversed the Ninth Circuit's determination that the mere inclusion of a concerted action waiver in an arbitration agreement rendered said agreement invalid and unenforceable as a standalone defense to arbitration. *Id.* at *17. The Court agrees with Defendants that this constitutes an intervening change in the law which justifies reconsideration of their motion to compel arbitration. Fed. R. Civ. P. 60(b)(6); CivLR 7.1.i; *Marlyn Nutraceuticals*, 571 F.3d at 880. Therefore, Defendants' motion for reconsideration is **GRANTED**.

///

///

---

[4] *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *reversed by Epic Sys. Corp. v. Lewis*, No. 16-285, 2018 WL 2292444 (U.S. May 21, 2018).

3

B.   **Motion to Compel Arbitration**

Section 2 of the Federal Arbitration Act ("FAA") states that:

> A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Section 2 demonstrates "'a national policy favoring arbitration of claims that parties contract to settle in that manner." *Preston v. Ferrer*, 552 U.S. 346, 352–53 (2008) (citing *Southland Corp. v. Keating,* 465 U.S. 1, 10 (1984)).

Under Section 3 of the FAA, where an issue involved in a suit or proceeding is referable to arbitration under an agreement in writing, the district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3. The language is mandatory, and district courts are required to order arbitration on issues as to which an arbitration agreement has been signed. *Kilgore v. KeyBank*, *N.A.*, 718 F.3d 1052, 1058 (9th Cir. 2013) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). The role of the district court is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

As discussed in the Court's *May 9, 2018 Order*, which is hereby incorporated by reference, it is undisputed that: 1) Davis signed the "Arbitration Agreement" at issue, and 2) the "Arbitration Agreement" covers all of her claims against Defendants. (*See* Docket No. 48 at pp. 4-6.) The parties only dispute whether the "Arbitration Agreement" is valid and enforceable as a result of its inclusion of a concerted action waiver based on the Ninth Circuit's holding in *Morris*. In light of the Supreme Court's recent decision in *Epic Sys. Corp.* reversing *Morris*, the Court concludes the entire "Arbitration Agreement," including the concerted action waiver, is valid and enforceable. And because Davis does not assert the existence of any other valid contract defenses, the

Court is required to order arbitration of her claims. *See* 9 U.S.C. § 3; *Kilgore*, 718 F.3d at 1058.

Accordingly, the portion of the Court's *May 9, 2018 Order* denying Defendants' motion to compel arbitration is hereby **VACATED**, and upon reconsideration, Defendants' motion to compel arbitration of Davis's claims is **GRANTED**.

**CONCLUSION**

In sum, for reasons set forth above, Defendants' motion for reconsideration is **GRANTED**, the Court's May 9, 2018 Order is **VACATED in part**, and Defendants' motion to compel arbitration of Plaintiff Cierra Davis's claims is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 7, 2018

Hon. Roger T. Benitez
United States District Judge

5

3:17-cv-01111-BEN-JMA